IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LISA F. BRYANT,

    Defendant.

Case No. 19-cr-40086-JPG-1

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on consideration of defendant Lisa F. Bryant's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 86). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 91). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it agrees that the defendant is not eligible for a reduction (Doc. 93). The defendant did not respond to counsel's motion to withdraw, although she was given an opportunity to do so.

    Bryant pled guilty to two counts of distribution of methamphetamine. At sentencing, the Court found that her relevant conduct was 1,172.08 grams of a mixture and substance containing methamphetamine, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30. Her offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises to distribute drugs and was decreased by 3 points under U.S.S.G. § 3E1.1 for

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2018 United States Sentencing Guidelines Manual.

acceptance of responsibility, yielding a total offense level of 29.  The defendant had accumulated 5 criminal history points, none of which were awarded because she was under a criminal sentence when she committed her offenses of conviction ("status points").  This placed her in criminal history category III, which yielded a guideline sentencing range of 108 to 135 months in prison.  The Court imposed a sentence of 108 months on both counts to run concurrently with each other and with any related state sentence.

      The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower her sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points, Amendment 821 provides that their 2-point assessment be reduced to 1 or no points.  Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to reduce the offense level of some offenders with no criminal history points.  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

      Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

      The defendant does not satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).   Amendment 821 did not lower the defendant's guideline sentencing range.   The defendant had criminal history points, so Part B does not apply, and she did not have status points, so Part A does not apply either.   Thus, Amendment 821 did not result in a lower offense level or criminal history category, so it did not lower the defendant's sentencing range.   Therefore, the defendant is not eligible for a sentence reduction.

Because Bryant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, the Court **GRANTS** counsel's motion to withdraw (Doc. 91) and **DENIES** Bryant's *pro se* motion for a sentence reduction (Doc. 86).   AFPD Madrigal is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   May 14, 2024**

                                                                  s/ J. Phil Gilbert
                                                                  **J. PHIL GILBERT**
                                                                  **U.S. DISTRICT JUDGE**